

FILED
1/26/2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEX MARTINEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.  21-172 (UNA) |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter, brought *pro se*, is before the court on review of plaintiff's complaint, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2.  The court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

A party seeking relief in the district court must plead facts that bring the suit within the court's jurisdiction.  Fed. R. Civ. P. 8(a).  Plaintiff is a resident of Toronto, Canada, who has sued the United States, Canada, the Embassies of Israel, Spain and Chile, and German Ambassador to the United States Emily Haber.  *See* Compl. at 2, 8.[1]  Plaintiff seeks "compensation for damages, injury, declaration of legal rights and for causing harm to [him] and his family for medical abuse, pedophilia and circulating stolen images of him and his brother that constitute child pornography."  Compl. at 3.  Plaintiff demands $500 million for defendants'

---

[1]  The initial pleading consists of two separate form complaints that are identical except as to the named defendants.  The page citations are the numbers assigned by the electronic case filing system.

1

"negligence" and "intentional" and "unreasonable" conduct, *id*. at 5, but he has not alleged specific facts about any one defendant. In addition to damages, plaintiff seeks an injunction "to stop all investigations, financial suppression, medical abuse, observation and monitoring across Canada and internationally for him and his family and the children involved." *Id*.

With respect to the embassies and Ambassador Haber in her official capacity, the Foreign Sovereign Immunities Act (FSIA) "holds foreign states and their instrumentalities immune from the jurisdiction of federal and state courts," save exceptions set out in the Act. *Opati v. Republic of Sudan*, 140 S. Ct. 1601, 1605 (2020); *see Roeder v. Islamic Republic of Iran*, 646 F.3d 56, 58 (D.C. Cir. 2011) ("The FSIA provides generally that a foreign state is immune from the jurisdiction of the United States courts unless one of the exceptions listed in 28 U.S.C. § 1605(a) applies") (internal quotation marks and citation omitted)). Plaintiff's conclusory allegations do not establish jurisdiction under the FSIA.

The complaint against the United States fares no better. The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. § 1331 (federal question ) and § 1332 (diversity). Plaintiff invokes diversity jurisdiction, Compl. Sec. II, which confers jurisdiction when the parties are citizens of different states or a foreign country and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Because the United States has no citizenship, "courts cannot proceed under diversity jurisdiction when the defendants are the United States government or an agency thereof." *Whittaker v. Court Servs. & Offender Supervision Agency for D.C.*, 401 F. Supp. 3d 170, 177-78 (D.D.C. 2019).

To the extent that plaintiff invokes the court's federal question jurisdiction, *see* Compl. Sec. II. A., the Federal Tort Claims Act (FTCA) waives the United States's immunity for certain claims for damages. However, "the FTCA's 'foreign country' exception preserves the United

States's sovereign immunity with regard to '[a]ny claim arising in a foreign country.'" *Galvin v. United States*, 859 F.3d 71, 73 (D.C. Cir. 2017) (quoting 28 U.S.C. § 2680(k)). The instant complaint is vague on where the alleged wrongdoing occurred, but the allegations, attachments and plaintiff's residence point to Canada as the most likely location. Finally, to the extent that plaintiff seeks to halt an international investigation that may include the United States, this court generally lacks jurisdiction over such matters. *See Shoshone Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) ("In both civil and criminal cases, courts have long acknowledged that the Attorney General's authority to control the course of the federal government's litigation [and investigation] is presumptively immune from judicial review."). Accordingly, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: January 26, 2021

_____/s/_____
TANYA S. CHUTKAN
United States District Judge